

# The Attorney General of Texas

**JIM MATTOX**
**Attorney General**

**Supreme Court Building**
**P. O. Box 12548**
**Austin, TX. 78711-2548**
**512/475-2501**
**Telex 910/874-1367**
**Telecopier 512/475-0266**

**714 Jackson, Suite 700**
**Dallas, TX. 75202-4606**
**214/742-8944**

**4824 Alberta Ave., Suite 160**
**El Paso, TX. 79905-2793**
**915/533-3484**

**1001 Texas, Suite 700**
**Houston, TX. 77002-3111**
**713/223-5886**

**806 Broadway, Suite 312**
**Lubbock, TX. 79401-3479**
**806/747-5238**

**4309 N. Tenth, Suite B**
**McAllen, TX. 78501-1685**
**512/682-4547**

**200 Main Plaza, Suite 400**
**San Antonio, TX. 78205-2797**
**512/225-4191**

**An Equal Opportunity/**
**Affirmative Action Employer**

December 21, 1984

Honorable Mike Driscoll                     Opinion No. JM-260
Harris County Attorney
1001 Preston, Suite 634                      Re: Availability of information
Houston, Texas   77002                       from mental health records

Dear Mr. Driscoll:

You have requested our opinion regarding the availability to the public of instruments filed in a mentally ill docket in the office of the county clerk.

The Open Records Act, article 6252-17a, section 3(a)(1), V.T.C.S., provides that:

> (a) All information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business is public information and available to the public during normal business hours of any governmental body, with the following exceptions only:

> (1) information deemed confidential by law, either Constitutional, statutory, or by judicial decision. . . .

Articles 5547-11 and 5547-12, V.T.C.S., provide:

> All applications, petitions, certificates, and all other papers permitted or required to be filed in the county court by this code shall be filed with the county clerk of the proper county who shall file the same and endorse on each paper the date filed and the docket number and his official signature.

> Each and every statement of facts, together with each and every other writing which discloses intimate details of the personal and private life of the accused or the patient or which discloses intimate details of the personal life of any and

> all members of the family of the accused or the patient, in a mentally ill docket in the office of the county clerk are hereby declared to be <u>public records of a private nature which may be used, inspected, or copied only by a written order of the county judge, a probate judge, a court of domestic relations judge, or a district judge of the county in which the docket is located,</u> and no such order shall issue until the issuing judge has determined informally to his satisfaction that said use, inspection, or copying is justified and in the public interest. (Emphasis added).

Section 3(a)(1) excepts from disclosure under the Open Records Act all information made confidential by law. Article 5547-12 makes confidential certain records filed in connection with any proceedings under the Mental Health Code. The statement of facts in every such proceeding is clearly excepted from disclosure. Other material is excepted only if it "discloses intimate details of the personal and private life of the accused" or of a member of his family. In our opinion, the county clerk, in consultation with the county attorney, must make the initial determination as to whether particular information satisfies these criteria.

The test imposed by article 5547-12 is similar to that used by the Texas Supreme Court in determining whether information is excepted from disclosure by a common law right of privacy. In <u>Industrial Foundation of the South v. Texas Industrial Accident Board</u>, 540 S.W.2d 668, 683 (Tex. 1976), the court said that material is protected by common law privacy if it contains "highly intimate or embarrassing facts" whose disclosure would be "highly objectionable to a person of ordinary sensibilities." In Open Records Decision No. 262 (1980), this office said that medical information ordinarily satisfies this test if it relates to

> a 'drug overdose,' 'acute alcohol intoxication,' 'obstetrical/gynecological' illness, 'convulsions/ seizures,' or 'emotional/mental distress.'

Furthermore, any information "created or maintained" by a physician under section 5.08 of article 4495b, V.T.C.S., or by a "professional" as defined in article 5561h, V.T.C.S., may not be released except as indicated in those statutes.

This standard will provide some guidelines for the county clerk's decision in determining whether to withhold information in a particular instance. We note, however, the likelihood that much or all material relating to a person suffering from mental or emotional illness may be excepted under this standard. If the clerk is

uncertain about whether particular information "discloses intimate details of the personal and private life of the accused," or of a member of his family, the material in question should be submitted to this office as a request under the Open Records Act.

## SUMMARY

A county clerk may disclose to the public information filed in connection with a mentally ill docket only if such information does not "disclose intimate details of the personal and private life of the accused," or of a member of his family, pursuant to article 5547-12, V.T.C.S.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton